IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HDI-GERLING AMERICA INSURANCE | § | |
| COMPANY, *as Subrogee of* EVONIK | § | |
| CARBON BLACK LLC, *formerly known as* | § | |
| DEGUSSA ENGINEERED CARBONS L.P. | § | |
| | § | |
| | § | |
| VS. | § | NO. 1 : 11 - CV - 150 |
| | § | |
| GLENCORE LTD. and CHRIS TUCKER, | § | |
| *individually and doing business as* | § | |
| INLAND INSPECTIONS LLC | § | |

## DEFENDANT, CHRIS TUCKER, INDIVIDUALLY AND D/B/A INLAND INSPECTIONS LLC'S ORIGINAL ANSWER

Defendant, CHRIS TUCKER, Individually and d/b/a INLAND INSPECTIONS LLC responds to Plaintiff's Original Petition as follows:

Defendant hereby reserves, and files this Original Answer subject to, this Defendant's right to compel arbitration under the applicable Terms, Conditions and Limitations governing the business relationship between this Defendant and Evonik Carbon Black LLC f/k/a Degussa Engineered Carbons L.P.

Defendant moves to transfer venue pursuant to 28 U.S.C. 1404.

Pursuant to Federal Rule Civil Procedure 12(b)(6) Defendant says Plaintiff's Original Petition fails to state a cause of action against it upon which relief can be granted.

Without waiving the above and foregoing and for further answer of same be necessary, Defendants says that Plaintiff's damages, which are denied, occurred as result of Plaintiff's own comparative negligence, in whole or in part.

Without waiving the above and foregoing and for further answer of same be necessary, Defendant says that the Plaintiff's damages, which are denied, occurred as a result of the negligent acts or omissions of third parties over whom this Defendant had no control and for whom this Defendant had no responsibility.

1.     The allegations in paragraph 1 of Plaintiff's Original Petition are no longer applicable and do not require a response.

2.     The allegations in paragraph 2 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

3.     The allegations in paragraph 3 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

4.     Chris Tucker admits he is a Texas resident who owns Inland Inspections LLC and admits that Inland Inspections LLC was engaged in some sampling and some testing of oil purchased by Evonik Carbon Black LLC f/k/a Degussa Engineered Carbons, L.P. The remainder of the allegations in paragraph 4 of Plaintiff's Original Petition are denied.

5.     The allegations in paragraph 5 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

6.     Defendant admits that the Plaintiff in this matter has plead for an amount in controversy which meets the jurisdictional requirement of the Texas District Courts.  This Defendant denies that all the events giving rise to the lawsuit occurred in the county of Orange, State of Texas.

7.     The allegations in paragraph 7 of Plaintiff's Original Petition are denied in that Defendant denies that a substantial portion of the events giving rise to the claim all occurred in Orange County, Texas.

8.     The allegations in paragraph 8 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

9.     The allegations in paragraph 9 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

10.     The allegations in paragraph 10 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

11.     The allegations in paragraph 11 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

12.     The allegations in paragraph 12 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

13.     The allegations in paragraph 13 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

14.     The allegations in paragraph 14 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

15.     The allegations in paragraph 15 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

16.     The allegations in paragraph 16 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

17.     The allegations in paragraph 17 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

18.     The allegations in paragraph 18 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

19.     The allegations in paragraph 19 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

20.     The allegations in paragraph 20 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

21.     Defendant admits that the CBO testing for the product delivered is directed by the supplier and paid for by both the supplier and the purchaser, the paragraph as written is denied.

22.     The allegations in paragraph 22 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

23.     The allegations in paragraph 23 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

24.     The allegations in paragraph 24 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

25.     The allegations in paragraph 25 of Plaintiff's Original Petition are admitted in part and denied in part. Tucker/Inland admits he was engaged in the sampling and testing of oil, including some testing and sampling of the CBO purchased by Evonik from Glencore, but denies it was charged with all sampling and testing of the CBO purchased by Evonik from Glencore.

26.     Defendant objects to the allegations in paragraph 26 of Plaintiff's Original as written as they are argumentative and assume facts not in evidence. To the extent a response is required, the allegations are denied.

27.     Defendant objects to paragraph 27 of Plaintiff's Original Petition as written as it requires a legal conclusion. To the extent a response is required, the allegations are denied.

28.     The allegations in paragraph 28 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

29.     The allegations in paragraph 29 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

30.     The allegations in paragraph 30 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

31.     The allegations in paragraph 31 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

32.     The allegations in paragraph 32 of Plaintiff's Original Petition are admitted in part and denied in part.  Defendant admits on or about February 16, 2010 a shipment of oil sold to Evonik by Glencore was delivered to Evnonik's Orange plant.  Defendant denies that this Defendant performed all of the sampling and testing of this shipment.

33.     Defendant objects to the allegations in paragraph 33 of Plaintiff's Original Petition as ambiguous and therefore, potentially misleading, thus the allegations in this paragraph are denied as written.

34.     The allegations in paragraph 34 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

35.     The allegations in paragraph 35 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

36.     The allegations in paragraph 36 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

37.     Defendant objects to the allegations in paragraph 37 of Plaintiff's Original Petition as ambiguous and therefore, potentially misleading, thus the allegations in this paragraph are denied as written.

38.     The allegations in paragraph 38 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

39.     The allegations in paragraph 39 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

40.     The allegations in paragraph 40 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

41.     The allegations in paragraph 41 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

42.     The allegations in paragraph 40 of Plaintiff's Original Petition cannot be admitted or denied, as this Defendant has insufficient knowledge of all of the testing and analysis performed by or for Evonik.  Further, this Defendant objects to the statement that the testing and analysis were "a different" from testing performed by or for Tucker/Inland, as the term "different" is vague and subject to varied interpretations.

43.     The allegations in paragraph 43 of Plaintiff's Original Petition are denied.

44.     The allegations in paragraph 44 of Plaintiff's Original Petition are admitted in part and denied in part. Defendant admits that on or about March 9, 2010, the Evonik plant received two barges of CBO which were supplied by Glencore, however, this Defendant denies that all of the sampling and testing on the shipment was performed by Tucker/Inland.

45.     The allegations in paragraph 45 of Plaintiff's Original Petition are admitted in part and denied in part. Defendant admits that on or about March 9, 2010, the Evonik plant received two barges of CBO which were supplied by Glencore, however, this Defendant denies that all of the sampling and testing on the shipment was performed by Tucker/Inland.

46.     Defendant objects to the allegations in paragraph 46 of Plaintiff's Original Petition as ambiguous and therefore, potentially misleading, thus the allegations in this paragraph are denied as written.

47.     The allegations in paragraph 47 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

48.     The allegations in paragraph 48 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

49.     The allegations in paragraph 49 of Plaintiff's Original Petition cannot be admitted or denied, as this Defendant has insufficient knowledge of all of the testing and analysis performed by or for Evonik. Further, this Defendant objects to the statement that the testing and analysis were "a different" from testing performed by or for Tucker/Inland, as the term "different" is vague and subject to varied interpretations.

50.     The allegations in paragraph 50 of Plaintiff's Original Petition are denied.

51.     The allegations in paragraph 51 of Plaintiff's Original Petition are admitted in part and denied in part. Defendant admits that on or about September 22, 2010, the Evonik plant received two barges of CBO which were supplied by Glencore, however, this Defendant denies that all of the sampling and testing on the shipment was performed by Tucker/Inland.

52.     The allegations in paragraph 52 of Plaintiff's Original Petition are admitted in part and denied in part. Defendant admits that on or about September 22, 2010, the Evonik plant received two barges of CBO which were supplied by Glencore, however, this Defendant denies that all of the sampling and testing on the shipment was performed by Tucker/Inland.

53.     Defendant objects to the allegations in paragraph 53 of Plaintiff's Original Petition as ambiguous and therefore, potentially misleading, thus the allegations in this paragraph are denied as written.

54.     The allegations in paragraph 54 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

55.     The allegations in paragraph 55 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

56.     The allegations in paragraph 56 of Plaintiff's Original Petition cannot be admitted or denied, as this Defendant has insufficient knowledge of all of the testing and analysis performed by or for Evonik. Further, this Defendant objects to the statement that the testing and analysis were "a different" from testing performed by or for Tucker/Inland, as the term "different" is vague and subject to varied interpretations.

57.     Defendant objects to the allegations in paragraph 57 of Plaintiff's Original Petition as ambiguous and therefore, potentially misleading, thus the allegations in this paragraph are denied as written.

58.     The allegations in paragraph 58 of Plaintiff's Original Petition need no response from this Defendant.

59.     The allegations in paragraph 59 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

60.     The allegations in paragraph 60 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

61.     The allegations in paragraph 61 of Plaintiff's Original Petition are admitted in part and denied in part. This Defendant admits that Tucker/Inland and Evonik over the course of many years, entered into multiple business dealings governed by Inland's Terms, Conditions and Limitations regarding the provision of inspecting and testing services. The remainder of the allegations in paragraph 61 are denied, specifically, Tucker/Inland denies it made any representations to Evonik regarding the performance of the material and Evonik's process and/or any representations regarding harm or damage to Evonik's equipment.

62.     The allegations in paragraph 62 of Plaintiff's Original Petition are admitted with the qualifications in this Defendant's response to paragraph 61.

63.     The allegations in paragraph 63 of Plaintiff's Original Petition are not directed at this Defendant and thus requires no response from this Defendant. To the extent a response is required, the allegations are denied.

64.     The allegations in paragraph 64 of Plaintiff's Original Petition are denied.

65.     The allegations in paragraph 65 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.  To the extent that the allegations in paragraph 65 indicate that as a direct and natural consequences of breaches of contract involving this Defendant, Evonik has been damaged, those allegations are denied.

66.     The allegations in paragraph 66 of Plaintiff's Original Petition are denied.

67.     The allegations in paragraph 67 of Plaintiff's Original Petition are denied.

68.     The allegations in paragraph 68 of Plaintiff's Original Petition need no response from this Defendant.

69.     The allegations in paragraph 69 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

70.     The allegations in paragraph 70 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

71.     The allegations in paragraph 71 of Plaintiff's Original Petition are denied as written. Further, to the extent the allegations in paragraph 71 refer to preceding paragraphs, see this Defendant's response to those preceding paragraphs.

72.     The allegations in paragraph 72 of Plaintiff's Original Petition are denied.

73.     The allegations in paragraph 73 of Plaintiff's Original Petition are denied to the extent they refer to and incorporate the allegations made in paragraph 72 regarding express warranties that were alleged to have been provided by Tucker/Inland.  With respect to the

remainder of the allegations in paragraph 73 of Plaintiff's Original Petition, these allegations cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

74.     The allegations in paragraph 74 of Plaintiff's Original Petition are denied.

75.     The allegations in paragraph 75 of Plaintiff's Original Petition need no response from this Defendant. Further, to the extent the allegations in paragraph 75 refer to preceding paragraphs, see this Defendant's response to those preceding paragraphs.

76.     The allegations in paragraph 76 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

77.     The allegations in paragraph 77 of Plaintiff's Original Petition are denied as written.  Further, to the extent the allegations in paragraph 77 refer to preceding paragraphs, see this Defendant's response to those preceding paragraphs.

78.     The allegations in paragraph 78 of Plaintiff's Original Petition are denied as written in that they are not identified as to a Defendant or Defendants.

79.     The allegations in paragraph 79 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations, to the extent a response is required the allegations are denied.

80.     The allegations in paragraph 80 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations, to the extent a response is required the allegations are denied.

81.     The allegations in paragraph 81 of Plaintiff's Original Petition are objected to as argumentative and misleading as written.  Tucker/Inland denied that it failed to provide proper sampling and testing services and/or denied that they failed to provide the sampling and testing services that they alleged they performed.  The remaining allegations in paragraph 81 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations, to the extent a response is required the allegations are denied.

82.     The allegations in paragraph 82 of Plaintiff's Original Petition are denied.

83.     The allegations in paragraph 83 of Plaintiff's Original Petition need no response from this Defendant.

84.     The allegations in paragraph 84 of Plaintiff's Original Petition are denied as written.

85.     The allegations in paragraph 85 of Plaintiff's Original Petition are denied as written.

86.     The allegations in paragraph 86 of Plaintiff's Original Petition are denied.

87.     The allegations in paragraph 87 of Plaintiff's Original Petition are denied.

88.     The allegations in paragraph 88 of Plaintiff's Original Petition are denied.

89.     The allegations in paragraph 89 of Plaintiff's Original Petition are denied.

90.     The allegations in paragraph 90 of Plaintiff's Original Petition are denied.

91.     The allegations in paragraph 91 of Plaintiff's Original Petition need no response from this Defendant.

92.     The allegations in paragraph 92 of Plaintiff's Original Petition are denied as written.

93.     The allegations in paragraph 93 of Plaintiff's Original Petition are denied as written.

94.     The allegations in paragraph 94 of Plaintiff's Original Petition are denied.

95.     The allegations in paragraph 95 of Plaintiff's Original Petition are denied.

96.     The allegations in paragraph 96 of Plaintiff's Original Petition are denied.

97.     The allegations in paragraph 97 of Plaintiff's Original Petition need no response from this Defendant.

98.     The allegations in paragraph 98 of Plaintiff's Original Petition are not directed at this Defendant and thus requires no response from this Defendant. To the extent they are construed to require a response, the allegations in this paragraph are denied.

99.     The allegations in paragraph 99 of Plaintiff's Original Petition are not directed at this Defendant and thus requires no response from this Defendant. To the extent they are construed to require a response, the allegations in this paragraph are denied.

100.    The allegations in paragraph 100 of Plaintiff's Original Petition are not directed at this Defendant and thus requires no response from this Defendant. To the extent they are construed to require a response, the allegations in this paragraph are denied.

101.    The allegations in paragraph 101 of Plaintiff's Original Petition are not directed at this Defendant and thus requires no response from this Defendant. To the extent they are construed to require a response, the allegations in this paragraph are denied.

102.    The allegations in paragraph 102 of Plaintiff's Original Petition are denied.

103.    The allegations in paragraph 103 of Plaintiff's Original Petition are denied.

104.    The allegations in paragraph 104 of Plaintiff's Original Petition are denied.

105.   The allegations in paragraph 105 of Plaintiff's Original Petition cannot be admitted or denied as this Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations, to the extent a response is required the allegations are denied.

To the extent the prayer in Plaintiff's Original Petition seeks relief against this Defendant, this Defendant denies that Plaintiff is entitled to such relief.

WHEREFORE, PREMISES CONSIDERED, Defendant, CHRIS TUCKER, individually and d/b/a INLAND INSPECTIONS LLC, pray that this matter come on for trial and that at the time thereof, Plaintiff take nothing of and from it and that it be discharged with its costs and such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

WHITE MACKILLOP & GALLANT P.C.


By: */s/ Walter J. Gallant*
     Walter J. Gallant
     Texas Bar No. 00784100
     Innes Mackillop
     Texas Bar No. 12761800
     2200 West Loop South, Suite 1000
     Houston, Texas 77027
     Phone: 713/599-0211
     Fax:   713/599-1355
     Email: wgallant@wmglegal.com
           imackillop@wmglegal.com
Attorneys for Chris Tucker, Individually and
d/b/a Inland Inspections, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing.  Service on  any party or counsel who is not a Filing User was accomplished via Email, Certified Mail/RRR and/or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on April 25, 2011.

*/s/ Walter J. Gallant*
Walter J. Gallant