IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HDI-GERLING AMERICA INSURANCE COMPANY, *as subrogee of* EVONIK CARBON BLACK LLC, *formerly known as* DEGUS SA ENGINEERED CARBONS, L.P. | § § § § § § § | |
| *vs.* | § § | NO. 1:11-CV-150 |
| GLENCORE LTD. and CHRIS TUCKER, *individually and doing business* as INLAND INSPECTIONS LLC | § § § § § | HONORABLE R. CLARK |

## PLAINTIFF HDI-GERLING AMERICA INSURANCE COMPANY'S MOTION FOR REMAND

COMES NOW HDI-Gerling America Insurance Company, by and through its attorneys, Orgain Bell & Tucker, LLP, and respectfully moves for an Order remanding this case to State Court.

### I. SUMMARY OF CASE

Plaintiff commenced this action on March 28, 2011 by filing a Petition in the 128th Judicial District of the State of Texas, located in the City of Beaumont, County of Orange, State of Texas. On the same day, Plaintiff's subrogor, Evonik Carbon Black LLC, formerly known as Degussa Engineered Carbons, L.P. ("Evonik") filed a suit of its own in state court. That lawsuit arises from the same transactions and occurrences as the instant matter.

On our about March 30, 2011, before any of the Defendants were served, Defendant Glencore Ltd ("Glencore") filed its Notice of Removal in the instant matter. It subsequently also filed a Notice of Removal in the companion matter filed by Evonik Both cases are presently pending before this Court, and the parties intend to move to consolidate the two cases after the venue disputes are resolved.

## II. UNDISPUTED FACTS

Defendant Chris Tucker, individually and doing business as Inland Inspections LLC "Tucker/Inland" is a resident of Texas, a fact that was alleged in Plaintiff's Complaint and has been established in Paragraph 4 of Tucker/Inland's Answer, recently filed with this Court. Neither Defendant Glencore nor Defendant Tucker/Inland had been served prior to removal of the case to this Court.

## III. ISSUES PRESENTED

Plaintiff seeks remand to state court on the basis of the forum defendant rule established in 28 USC Section 1441(b). In particular, since Defendant Tucker/Inland is a resident of the State of Texas, where Plaintiff filed suit, removal to this Court was inappropriate.

## IV. STANDARD OF REVIEW

It is well established that the party removing a case has the burden to present facts showing that federal subject matter jurisdiction exists. *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326,1335 (5th Cir.1995). Whether a case may be removed is a question of federal law to be decided by federal courts. See *Willy v. Coastal Corp.,* 855 F.2d 1160,1164 (5th Cir.1998);

*Kansas Pub Employees Retirement Sys. v. Reimer & Koger Assoc. Inc.,* 4 F.3d 614,618 (8th Cir. 1993). In such cases, the removal statute must be strictly construed. *Shamrock Oil & Gas corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *Leffall v. Dallas Indep. School Dist.,* 28 F.3d 521,524 (5th Cir. 1994);. Doubts concerning the propriety of removal are to construed against removal. *Owens Equip. & Erection Co., v. Kroger,* 437 U.S. 365, 377 (1978); *Diaz v. Sheppard,* 85 F. 3d 1502, 1505 (11th Cir. 1996).

The Court must engage in a two-step inquiry as to whether removal based on diversity is proper. First, the parties must be completely diverse, and second, the named and served defendants cannot be residents of the state in which the suit is brought. **In re Norplant** *Contraceptive Products Liability Litigation,* 889 F.Supp. 271, 274 (E.D.Tex.1995); *see also Recognition Communications, Inc. v. American Automobile Association, Inc.,* No. Civ. A. 3:97-CV-0945-P, 1998 WL 119528, at *2 (N.D.Tex. Mar. 5, 1998). [Exhibit A] The removing party has the burden of proving that removal is proper. *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995) (citing *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)).

## IV. LAW AND ARGUMENT

According to 28 USC Section 1441(b), removal is not permitted where one of the defendants is a citizen of the state in which such action is brought. *Blackburn v. United Parcel Service, Inc.,* 179 F3d 81 (3rd Cir. 1999). *Blackburn* held that suit against a defendant in defendant's home state court that would meet requirements of diversity jurisdiction is

nevertheless not eligible for removal. *See also In Re Norplant Contraceptive Products Liability Litigation, Id,* at 274.

It is anticipated that Defendant will claim that there is an exception to the forum defendant rule where the forum (or "resident") defendant has not yet been served as of the time of removal. Though this exception may be accepted in some federal jurisdictions, and in certain specific circumstances, it does not apply to the instant matter. In fact, the United States District Court for the Northern District of Texas specifically considered and rejected this exception in circumstances identical to those in the instant matter.

In *Recognition, Id,* the court held that an action filed in a Texas state court could not be removed to federal court where a defendant was domiciled in Texas. Like the present matter, the removing defendant in *Recognition* did so before any of the defendants were served. The Court specifically rejected the removing defendant's argument that removal to federal court was permitted since the forum state domiciled defendant had not been served.

Though there are other Texas federal cases which reach different results, the facts in those cases are clearly distinguishable from those in the instant matter and in *Recognition.* Mainly, those cases involved facts where: 1.) a non-resident defendant was served and the resident defendant was not; or 2.) where the resident defendant was not served, but yet had filed a responsive pleading prior to removal. Thus, it is important to note that none of the Defendants in the instant matter had been served or filed a responsive pleading as of the time of removal, as was also the case in *Recognition.* Those facts were integral to the court's decision in *Recognition,* which distinguished that case from others reaching a different result.

4

The exception to the forum defendant rule where there are unserved resident defendants is grounded in the concern that the unserved resident defendant might never be served, yet the other served defendants must still remove a case in a timely manner. That concern does not come into play where *none* of defendants have been served. In addition, as noted by the court in *Recognition,* where a resident defendant is subsequently served after the removal, the concern that defendant might never be served is alleviated. *Recognition, Id.* at page 3, footnote 4. In the end, the underlying reasoning for the exception to the forum defendant rule is not applicable to the instant matter.[1]

Last, there is no evidence here that Plaintiff's inclusion of Tucker/Inland is a "fraudulent joinder" made for the sole purpose of defeating diversity. In this case, Defendant Glencore bears the burden of proving such an allegation by clear and convincing evidence. *See Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962).

This Honorable Court is urged to follow the holding in *Recognition, Id.,* and remand this matter to state court, along with the companion matter, Evonik Carbon Black, LLC v. Glencore Ltd and Chris Tucker, Case No. 1:11-CV-157, also pending before this Court.

---

[1] This Court should note there was a certain level of procedural gamesmanship in this removal that requires some scrutiny. Here, Defendant Glencore did not await service, but instead watched the state court's docket anticipating the filing, and immediately removed the case to federal court, before Plaintiff had an adequate opportunity to serve any of the Defendants. Had Defendant Glencore simply waited until it received service of the lawsuit along with Defendant Tucker/Inland in the normal course, it would not have been in a position to make the argument it will make to this Court.

## V. Conclusion

WHEREFORE, the undersigned respectfully requests that this Court enter an Order remanding this matter to the state court in which is was originally filed.

Respectfully submitted this 29th day of April, 2011.

                Respectfully submitted,

                By:  *s/ Jo Ben Whittenburg*

                Jo Ben Whittenburg
                ORGAIN BELL & TUCKER, LLP
                470 Orleans Building, Fourth Floor
                P.O. Box 1751
                Beaumont, Texas 77704-1751
                Telephone: (409) 838-6412
                Facsimile: (409) 838-6959
                Email: jbw@obt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2011, I served a true and correct copy of the foregoing **MOTION TO REMAND** upon all counsel of record, *via* the CM/ECF system which will send notification of such filings to all attorneys of record.

        Respectfully submitted,

        By:  *s/ Jo Ben Whittenburg*

        Jo Ben Whittenburg
        ORGAIN BELL & TUCKER, LLP
        470 Orleans Building, Fourth Floor
        P.O. Box 1751
        Beaumont, Texas 77704-1751
        Telephone: (409) 838-6412
        Facsimile: (409) 838-6959
        Email: jbw@obt.com

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the attorneys for Defendants were contacted regarding the filing of this motion in an attempt to determine whether the Defendants will agree to the motion or whether the motion will be opposed, complying with the meet and confer requirement of Local Rule CV-7(h). In a phone conference with counsel John Keough, Robert Oliver and Walter Gallant on April 20, 2011, they advised that they will oppose this motion.

Respectfully submitted,

By: *s/ Jo Ben Whittenburg*

Jo Ben Whittenburg
ORGAIN BELL & TUCKER, LLP
470 Orleans Building, Fourth Floor
P.O. Box 1751
Beaumont, Texas 77704-1751
Telephone: (409) 838-6412
Facsimile: (409) 838-6959
Email: jbw@obt.com

Of Counsel, *Pro Hac Vice* pending

By: *s/Larry W. Jenkins Jr.*

Larry W. Jenkins Jr.          Respectfully submitted,
Denenberg Tuffley, PLLC
28411 Northwestern Hwy, Ste 600
Southfield, MI 48034
Telephone: (248) 549-3900
Facsimile: (248) 593-5808
Email: ljenkins@dt-law.com